IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THOMAS DUANE STRAWDER, | ) | |
| | ) | |
| Plaintiff, | ) | 8:18CV47 |
| | ) | |
| v. | ) | |
| | ) | |
| APRIL ROLLINS, Nurse NDCS LCC, in her individual and official capacities; DAN DANAHER, Phys Assist NDCS, in his individual capacity; LINCOLN CORR CNTR MEDICAL CLINIC; JOHN DOE WARDEN LCC, in his individual and official capacities; SCOTT R. FRAKES or Designee, in his individual and official capacities; DIRECTOR NDCS or Designee, in his individual and official capacities; MS. R. TAYLOR, Unit Manager, in her individual and official capacities, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) ) | |

Plaintiff Thomas Duane Strawder, a pro se litigant now incarcerated at the Lincoln Correctional Center ("LCC"), filed this 42 U.S.C. § 1983 action in which he complains about what he views as substandard medical care. The court has granted Plaintiff permission to proceed in forma pauperis, and the court now conducts an initial review of the Complaint (Filing No. 1) and Supplement (Filing No. 6) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I. SUMMARY OF COMPLAINT & SUPPLEMENT**

Plaintiff brings this § 1983 suit for alleged violations of the Eighth and Fourteenth Amendments due to the "Lack of community standard Health care" and the

Defendants' failure to refer him to an "outside expert Dermatologist" for a sore on his head that has bothered him since December 2017. (Filing No. 1 at CM/ECF p. 3.) Plaintiff alleges that Defendant Rollins told him the sore was "an ingrown hair," but Plaintiff wonders if the sore is gangrene or melanoma, alleging that he has a family history of cancer and that "[a] popular singer had cancer on his toe he died" (Filing No. 1 at CM/ECF p. 5.)

Plaintiff alleges that his "contageous [sic] sore" was treated with antibiotics two times a day for 20 days in December 2017, and after no improvement was noted, he had a biopsy of the area on January 16, 2018. The results of the biopsy showed that the "sore" was benign. (Filing No. 1 at CM/ECF p. 5.) He was prescribed an "Rx cream," but it has not healed the sore, which is allegedly spreading. Plaintiff claims that his "unknown disease disorder" is ongoing, he has yet to receive effective treatment, and he needs a travel order to see a specialist. (Filing No. 1 at CM/ECF p. 5; Filing No. 6 at CM/ECF p. 18.) Plaintiff demands money damages and referral to an "expert Dermatology clinic outside prison." (Filing No. 1 at CM/ECF pp. 3, 5, 7; Filing No. 6 at CM/ECF p. 26.)[1]

---

[1] Without permission, Plaintiff filed a Supplement (Filing No. 6), which is a rambling 30-page document that repeats his medical claim and generally comments—with few coherent supporting facts—about the legal definition of insanity and incompetence; a "system designed to irrebuttably [sic] presume you are guilty"; the substandard "legal assistants" in the Nebraska prison system; the fact that he was insane and incompetent and suffered from thyroid disease and "organic mental disorders" when he killed someone in 1991; his wish to "fix our Judicial system"; his apology for forgetting to include these allegations in his original Complaint; and his opinion that qualified immunity "should not be permitted." I have considered this Supplement only to the extent it discusses his deliberate-indifference claim, which was raised in his first Complaint. (Filing No. 6 at CM/ECF pp. 2, 7-8, 10, 12, 16-26.)

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

# III. DISCUSSION

## A. Defendant LCC

As an initial matter, Defendant Lincoln Correctional Center Medical Clinic must be dismissed as an improper defendant in a § 1983 action. *Kochel v. Slykhuis*, No. CIV. 05-4027, 2005 WL 1240173, at *3 (D.S.D. May 24, 2005) ("Plaintiff's complaint against the 'Prison Health Services' should be dismissed with prejudice for failure to state a claim upon which relief can be granted."); *see also Smith v. Harness*, No. 4:14CV00753, 2017 WL 243985, at *3 (E.D. Ark. Jan. 19, 2017) ("The Jacksonville Police Department is not an entity capable of being sued and therefore could be dismissed on that basis."); *Caldwell v. Dub Brassell Det. Ctr.*, No. 5:15CV352, 2015 WL 9855535, at *2 (E.D. Ark. Dec. 21, 2015), *report and recommendation adopted*, No. 5:15CV352, 2016 WL 233663 (E.D. Ark. Jan. 19, 2016) ("the sole Defendant—the Jail—is not considered a 'person' within the meaning of 42 U.S.C. § 1983, and cannot be sued").

## B. Defendants in Official Capacities/Sovereign Immunity

Plaintiff's claims for monetary relief against Defendants Rollins, the LCC Warden, Frakes, the NDCS[2] Director, and Taylor in their official capacities are barred by Eleventh Amendment sovereign immunity. Further, Plaintiff cannot sue the state or state officials in their official capacities for money damages under § 1983 because such suits are really suits against the state, and the state is not a "person" who can be sued under § 1983. *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016); *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2012) (per curiam) (section 1983 provides no cause of action against agents of the state acting in their official capacities; sovereign immunity bars claim against state-agency employees for monetary damages under federal act); *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007)

---

[2]The NDCS is the Nebraska Department of Correctional Services.

(Eleventh Amendment bars claims against state and its agencies for any kind of relief; Eleventh Amendment bars claims for money against state officials in their official capacities).

However, state officials *are* "persons" under § 1983 when sued for injunctive relief because such actions are not treated as actions against the state. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)). Accordingly, Plaintiff's claims for injunctive relief need not be dismissed as barred by the Eleventh Amendment.

## C.  Defendants LCC Warden, Frakes, NDCS Director & Taylor

Plaintiff appears to be attempting to hold Defendants LCC Warden, Frakes, NDCS Director, and Taylor liable for alleged misconduct by their subordinates.[3] However, such a claim is not actionable under 42 U.S.C. § 1983 because governmental officials and entities cannot be held liable under the doctrine of respondeat superior in civil rights cases—that is, these Defendants cannot be held liable simply because they hold supervisory positions. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). *See also Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) ("[t]he general responsibility of a warden for supervising the operation of a prison is not sufficient to establish personal liability" in a civil rights action).

Rather, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (internal quotations

---

[3]Plaintiff's Supplement specifically states that Defendant Danaher and Rollins's "Superiors . . . have not seen Plaintiff" and refers only to the "Poor Quality of Care Provided by April Rollins and Dan Danaher." (Filing No. [6 at CM/ECF pp. 25](6 at CM/ECF pp. 25)-26.)

omitted); *see also Brown v. Cowell*, No. 1:12-CV-87, 2012 WL 6005457, at *2 (E.D. Ark. Oct. 11, 2012), *report and recommendation adopted*, No. 1:12CV87, 2012 WL 6005385 (E.D. Ark. Nov. 30, 2012) ("Claims of medical indifference should be filed against the individuals directly responsible for the inmate's medical care, and not prison administrators.") (citing *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997)); *LeMasters v. Fabian*, No. CIV. 09-702, 2009 WL 1405176, at *2 (D. Minn. May 18, 2009) ("To state an actionable civil rights claim against a government official or entity, a complaint must include specific factual allegations showing how that particular party's own personal acts or omissions directly caused a violation of the plaintiff's constitutional rights.") (citing *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999)).

Because Plaintiff's Complaints do not include factual allegations regarding his deliberate-indifference claim against Defendants LCC Warden, Frakes, NDCS Director, and Taylor, he has failed to state an actionable § 1983 claim against them. Further, Plaintiff's claim for injunctive relief against Defendants Rollins, the LCC Warden, Frakes, the NDCS Director, and Taylor in their official capacities will be dismissed because Plaintiff has failed to successfully allege a constitutional violation against these Defendants, necessarily making Plaintiff's request for injunctive relief against them moot.

**D. Deliberate Indifference to Serious Medical Needs**

Plaintiff's only remaining claim is brought under the Eighth and Fourteenth Amendments pursuant to § 1983. As described above, Plaintiff alleges that Defendants Rollins and Danaher, in their individual capacities, were deliberately indifferent to his serious medical needs when they failed to refer him to an "outside expert Dermatologist" to treat a sore on his head that has bothered him since December 2017. (Filing No. 1 at CM/ECF p. 3.)

The constitutional obligation to provide medical care to those in custody may be violated when officials "intentionally deny[ ] or delay[ ] access to medical care or

intentionally interfer[e] with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *see also Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) ("[D]elays in treating painful medical conditions, even if not life-threatening, may support an Eighth Amendment claim." (quotations omitted)); *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 796 (8th Cir. 2006) ("the knowing failure to administer prescribed medicine can itself constitute deliberate indifference").

To prevail on this claim, Plaintiff must prove that the Defendants acted with deliberate indifference to his serious medical needs. *See Estelle*, 429 U.S. at 106. The deliberate-indifference standard includes both an objective and a subjective component. Plaintiff must demonstrate that (1) he suffered from objectively serious medical needs, and (2) the defendants knew of, but deliberately disregarded, those needs. *See Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)); *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006) (Eighth Amendment claim based on inadequate medical attention requires proof that officials knew about excessive risks to inmate's health but disregarded them and that their unconstitutional actions in fact caused inmate's injuries).

For deliberate indifference to reach the level of a constitutional violation, the prisoner must show more than negligence and gross negligence, and must not simply disagree with treatment decisions. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct. *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008). A prisoner's mere disagreement with the course of his medical treatment fails to state a claim against a prison physician for deliberate indifference under the Eighth Amendment. *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004).

Here, Plaintiff alleges that Rollins and Danaher promptly examined Plaintiff's sore, prescribed antibiotics for it, performed a biopsy on it (which was negative), and then prescribed a cream for it. However, Plaintiff claims the sore is "spreading" and

Rollins and Danaher have not directed that Plaintiff receive treatment from a dermatologist outside the LCC. If anything, Plaintiff has alleged only negligence and his disagreement with Rollins's and Danaher's treatment decisions. This does not state a claim for deliberate indifference under the Eighth Amendment. *Bender*, 385 F.3d at 1137.

**E. Conclusion**

Plaintiff's Complaint (Filing No. 1) and Supplement (Filing No. 6) will be dismissed. Plaintiff will not be given leave to amend his Complaint because he had the opportunity to fully describe his claim in both a Complaint and an unsolicited Supplement and because such an amendment would be futile. *Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008) ("when the court denies leave [to amend the complaint] on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure"); *U.S. ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005) ("plaintiffs do not have an absolute or automatic right to amend"); *Hammer v. City of Osage Beach*, 318 F.3d 832, 844 (8th Cir. 2003) (leave to amend should be denied for, among other things, futility of amendment; denial of leave to amend complaint reviewed for abuse of discretion).

Further, Plaintiff's Motion for Leave to Supplement Complaint (Filing No. 18)—which demands that Defendant Danaher be fired for failure to warn Plaintiff of a scheduled PET scan, which in turn delayed Plaintiff's chemotherapy—will be denied without prejudice to filing another lawsuit alleging this unrelated claim. Accordingly,

IT IS ORDERED:

1.     Defendant Lincoln Correctional Center Medical Clinic is dismissed from this action as not subject to suit under 42 U.S.C. § 1983.

2. Plaintiff's claim for money damages against Defendants Rollins, the LCC Warden, Frakes, the NDCS Director, and Taylor in their official capacities is barred by the Eleventh Amendment and is dismissed.

3. Plaintiff's § 1983 deliberate-indifference claim against Defendants LCC Warden, Frakes, NDCS Director, and Taylor in their individual capacities is dismissed because Plaintiff has failed to state a claim upon which relief can be granted.

4. Plaintiff's § 1983 deliberate-indifference claim against Defendants Rollins and Danaher in their individual capacities is dismissed for failure to state a claim upon which relief can be granted.

5. Plaintiff's claim for injunctive relief against Defendants Rollins, the LCC Warden, Frakes, the NDCS Director, and Taylor in their official capacities is denied as moot.

6. Plaintiff's Motion for Leave to Supplement Complaint (Filing No. 18) is denied without prejudice to filing another lawsuit alleging the unrelated claim asserted therein.

7. The Clerk of Court shall edit the caption appearing on the docket sheet for this case to be consistent with the caption appearing on this Memorandum and Order.

8. Judgment shall be entered by separate document.

DATED this 11th day of July, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge